UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GEORGE WAYNE COGNEVICH, ET AL.**                **CIVIL ACTION**

**VERSUS**                                         **NO. 07-1069**

**STATE FARM INSURANCE COMPANY**                   **SECTION B(1)**

### ORDER

Before the Court is Plaintiffs George Wayne Cognevich and Anita Cognevich's Motion To Remand.  (Rec. Doc. No. 4).

**IT IS ORDERED** that the Motion To Remand is **DENIED**.

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained flood and wind damage to their property located at 105 Adams Drive, Belle Chasse, Louisiana as a result of Hurricane Katrina.  Plaintiffs' State Farm Insurance Company ("State Farm") Homeowner's Policy and Plaintiffs' State Farm National Flood Insurance Policy ("NFIP") were in full force and effect on August 29, 2005.

Plaintiffs filed two separate actions. On January 16, 2007, Plaintiff filed a complaint seeking insurance coverage under Plaintiffs' NFIP in federal court ("flood claim").  On January 17, 2007 Plaintiffs filed suit in state court seeking insurance coverage under Plaintiffs' homeowner's insurance policy ("homeowner's claim").  State Farm removed Plaintiff's homeowner's

insurance claim asserting diversity of citizenship jurisdiction.

Plaintiffs contend the amount in controversy in Plaintiffs' homeowner's claim is less than $75,000.00 and, therefore, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs move the Court to remand the homeowner's claim.

Defendant State Farm contends that this Court has exclusive jurisdiction over Plaintiffs' flood claim and, therefore, the discretion to exercise supplemental jurisdiction over Plaintiffs' related homeowner's claim.

## *DISCUSSION*

Courts have held that insurance claims arising out of different insurance contracts present "an appropriate occasion for the exercise of the Court's supplemental jurisdiction" pursuant to 28 U.S.C. § 1367 when the claims involve the same Plaintiffs, the same property, and the damage at issue is caused by the same set of facts.[1]

The Court has exclusive federal jurisdiction over Plaintiffs' flood insurance claim under the NFIP and 42 U.S.C. § 4072. Plaintiffs' flood and homeowner's claims involve the same property.

---

[1] *Perret v. American National Property & Casualty*, Nos. 06-4618 & 06-6867, 2006 WL3412267 (E.D.La. Nov. 27, 2006). *See also Halmekangas v. State Farm Fire & Casualty Company*, Nos. 06-3942, 06-4005, & 07-1006, 2007 WL 1125760 (E.D.La. April 16, 2007), and *Rano v. State Farm Insurance Co.*, No. 06-9577, 2007 WL 1343647 (E.D.La. May 4, 2007).

Furthermore, the damage at issue in both claims was sustained as a result of Hurricane Katrina and related flooding.  Considering the foregoing and the interests of judicial economy,

**IT IS ORDERED** that the Motion To Remand is **DENIED.**

New Orleans, Louisiana this 3rd day of August, 2007.

UNITED STATES DISTRICT JUDGE